UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Respondent,

v.                                **MEMORANDUM OF LAW AND ORDER**
                                   Criminal File No. 06-68 (21) (MJD/JSM)

Antonio Valdez, III,

    Petitioner.

Sarah E. Hudleston, Assistant U.S. Attorney, Counsel for Respondent.

Antonio Valdez, III, *pro se*.

## I. Introduction

This matter is before the Court on Petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1354], to supplement[1] [Doc. No. 1410], and for a stay [Doc. No 1409].

## II. Background

---

[1] By this motion, Petitioner has submitted additional legal arguments. The Court has considered these arguments when addressing the merits of Petitioner's claims.

On May 16, 2006, the Petitioner was charged in Count 47 of the Indictment with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and Count 49 with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e).  He entered a plea of guilty to those charges on August 11, 2006.

The United States Probation Office prepared a Presentence Investigation Report ("PSR") advising that the Petitioner was a Career Offender as defined in § 4B1.1 of the Sentencing Guidelines because he was at least 18 years of age at the time he committed the instant offense and he had two prior felony convictions of either a crime of violence or a controlled substance offense. (PSR ¶105.) Specifically, the PSR lists the following prior convictions: Second Degree Assault in 1994, Fourth Degree Assault in 1994, Terroristic Threats in 1998, Second Degree Assault in 2001, and Third Degree Assault in 2005.  (Id.)  The PSR further noted that the Petitioner was an Armed Career Criminal because he was convicted under §922(g), and has at least three prior convictions for violent felonies.  (Id. ¶106.)   Based on a total offense level of 31, and criminal history category VI, the guideline range was determined to be 188-235 months.  The

conviction under 18 U.S.C. § 922(g) subjected the Petitioner to a fifteen year mandatory minimum term of imprisonment.

At sentencing, the Petitioner did not object to the PSR's finding that he qualified as an Armed Career Criminal. On June 27, 2007, the Honorable Judge Rosenbaum sentenced the Petitioner to 188 months imprisonment on each count, to run concurrently. The Petitioner did not appeal his sentence.

On July 30, 2015, the Petitioner filed this § 2255 motion to vacate, set aside or correct his sentence.

### III.   Habeas Petition

#### A.   Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In response to such a motion, the court shall give a prompt hearing therein to identify the issues, make findings of fact and determinations of law, "unless the motion and the files and records of the case conclusively show that the

prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b).  "[A] petition can be dismissed without a hearing if . . . the petitioner's allegations, accepted as true, would not entitle the petitioner to relief."  Englen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

      B.      **Petitioner's Stated Grounds for Relief**

The Petitioner claims he is entitled to relief because he no longer qualifies as an Armed Career Criminal based on the United States Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015).  In Johnson, the Court found the residual clause in the statutory definition of "violent felony" set forth in 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague.  The Petitioner argues that the sentencing court determined that his prior assault convictions were predicate offenses for the purpose of the Armed Career Criminal guideline by relying on the residual clause found unconstitutionally vague in Johnson.  He argues that if these prior convictions do not qualify as predicate offenses, he no longer meets the definition of an Armed Career Criminal.

      1.      **Timeliness of Motion**

There is a one year period during which a motion may be filed under Section 2255.  28 U.S.C. § 2255(f).  This period begins to run from the latest of: 1)

4

the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by government action in violation of the Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right assert was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claims or claim presented could have been discovered through the exercise of due diligence.  Id.

On July 30, 2015, the Petitioner filed this instant petition claiming a right to relief based on the Johnson decision, which was issued on June 26, 2015.  Further, the Supreme Court has determined that Johnson announced a substantive rule that applied retroactively on collateral review.  Welch v. United States, ____ U.S. ____, 136 S.Ct. 1257 (Apr. 18, 2016).  Based on the above, the instant petition was filed in a timely manner.

    2.    **Merits Determination**

The Armed Career Criminal Act provides that an individual convicted under 18 U.S.C. § 922(g), and who has at least three previous convictions for a violent felony and/or a serious drug offense, is subject to a mandatory term of

imprisonment of fifteen years.  18 U.S.C. § 924(e)(1).  A "serious drug offense" is one under the Controlled Substances Act, 21 U.S.C. § 801 et seq., and a "violent felony" is defined as a crime punishable by imprisonment for a term exceeding one year and that "has an element the use, attempted use, or threatened use of physical force against the person of another" or is "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious risk of personal injury to another*."  18 U.S.C. § 924(e)(2)(B)(i) and (ii) (emphasis added).  The residual clause, the italicized language above, was the language held unconstitutionally vague by the Supreme Court in Johnson.

In this case, the Petitioner has two prior convictions for Second Degree Assault under Minnesota law, one for Third Degree Assault and one for Fourth Degree Assault[2].  Pursuant to Minn. Stat. § 609.222, a person is guilty of second degree assault if he/she assaults another with a dangerous weapon.  Third Degree Assault is defined as one who "assaults another and inflicts substantial bodily harm."  Minn. Stat. §609.223, subdiv. 1.  Finally, a person commits assault in the Fourth Degree when he/she assaults *inter alia*, a peace officer.  Minn. Stat. § 609.2231, subdiv. 1.  "Assault" is defined as "an act done with intent to cause

---

[2] It is unclear which prior convictions the Petitioner is challenging. The Court will thus address whether each of his assault convictions fall within the statutory definition of "violent felony" without regard to the residual clause.

fear in another of immediate bodily harm or death; or the intentional infliction of or attempt to inflict bodily harm upon another." Minn. Stat. § 609.02 subdiv. 10. Because the Petitioner's prior assault convictions clearly involve crimes that have as an element the use, attempted use or threatened use of physical force against another person, those convictions fall within the definition of violent felony under the ACCA without regard to the residual clause.  Accordingly, Petitioner's claim fails on the merits.

### IV. Motion for Stay

Petitioner asserts that the Court should stay his § 2255 motion until the United States Supreme Court issues its decision in <u>Beckles v. United States</u>, Case No. 15-8544.  <u>Beckles</u> presents the issue of whether the holding in <u>Johnson</u> applies to challenges to sentences enhanced pursuant to §§4B1.1 and 4B1.2, not under the ACCA or the Armed Career Criminal guideline set forth in § 4B1.4.

In this case, the Petitioner was sentenced on two counts, the sentences to run concurrently.  The conviction for Count 49 was based on a violation of the ACCA; Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e).  The <u>Beckles</u> decision will have no impact on a sentence under the ACCA. Accordingly, the motion to stay will be denied.

V.   **Certificate of Appealability**

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED:**

1. The Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence [Doc. No. 1354] is **DENIED** and the case **DISMISSED WITH PREJUDICE**;

2. The Petitioner's Motion to Supplement [Doc. No. 1410] is **GRANTED;**

3. The Petitioner's Motion for a Stay [Doc. No. 1409] is **DENIED**; and

4. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

**Date:**

<u>s/ Michael J. Davis</u>
**Michael J. Davis**
**United States District Court**
